UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:

DEBRA LYNN MADDOX,    CASE NO.: 15-40316-KKS
                      CHAPTER: 7

   Debtor.
_____/

DEBRA LYNN MADDOX,    ADV. NO.: 19-04001-KKS

   Plaintiff,

v.

NELNET, INC. and
UNITED STATES DEPARTMENT
OF EDUCATION.,

   Defendants.
_____/

### ORDER DENYING RELIEF REQUESTED IN PLAINTIFF'S *PRO SE DOCUMENTS* (DOCS. 20 & 21) AND DISMISSING ADVERSARY PROCEEDING

THIS CASE is before the Court on letters the self-represented Plaintiff sent to the Court addressed to the Clerk, docketed as *Pro Se Documents*.[1]

---

[1] Docs. 20 & 21.

TN

Plaintiff commenced this adversary proceeding on January 10, 2019 by filing a *Complaint to Determine Dischargeability of Student Loan Debt* ("Complaint," Doc. 1). The Clerk issued Summonses addressed to both named Defendants the same day Plaintiff filed the Complaint.[2] Since then, Plaintiff has struggled with attempting to obtain proper service of process on the named Defendants, NELNET, INC. ("Nelnet") and UNITED STATES DEPARTMENT OF EDUCATION ("DOE").

As to Defendant, DOE, Plaintiff certified that she mailed a copy of a Summons to "U.S. Dept. of Education, Federal Student Aid – San Francisco, Litigation Support, 50 Beale St., Suite 8629, San Francisco, CA 94105."[3] As to Defendant, Nelnet, Plaintiff certified that she mailed a copy of a Summons to "Nelnet Student Loan Services, C/O C.T. Corporation, 5601 South 59th St., Lincoln, NE 68516."[4] Plaintiff then filed requests for Clerk's Entry of Default against both Defendants.[5]

---

[2] Doc. 3.
[3] Doc. 7.
[4] Doc. 8.
[5] Docs. 9 & 14.

On April 23, 2019, the Court entered an Order entitled *Order Granting Plaintiff Additional Time Within Which to Properly Serve Complaint, Failing Which This Adversary Proceeding Will be Dismissed*.[6] On April 29, the Court entered another Order entitled *Order Denying, Without Prejudice, Plaintiff's Request for Clerk's Entry of Default, As Supplemented (Docs. 9, 14)* ("Order Denying Default," Doc. 17). In the Order Denying Default, the Court provided Plaintiff with the rules of procedure that specify how parties are to serve process on corporations and agencies of the United States.[7] Plaintiff's *Pro Se Documents* followed.

Attached to the *Pro Se Document* at Doc. 21 is a copy of a letter from Congressman Neal Dunn, M.D. to Plaintiff, stating over the telephone that someone at the "Federal Student Aid (FSA) office within the U.S. Department of Education has received the documents" Plaintiff sent to Nelnet.[8] Plaintiff claims that as a result of that letter, she has effectuated proper service on the Defendants. Plaintiff is wrong.

The fact that a party has received copies of papers in the mail, sent

---

[6] Doc. 15.
[7] *Id.*
[8] Doc. 21. p. 2.

to one's address, does not mean that the party has been properly served with process under the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by the Federal Rules of Bankruptcy Procedure.

The language in this Court's Order Denying Default is unambiguous. That Order states, in pertinent part: "Plaintiff has not properly served any of the named Defendants. Plaintiff's *Certificates of Service* show that service was not properly effectuated in accordance with Rules 7004(b)(3) and 7004(b)(5), Federal Rules of Bankruptcy Procedure."[9]

Parties who elect to pursue lawsuits in Federal court without a lawyer, including Plaintiff, are held to the same standards as other parties, especially when it comes to proper service of process in an adversary proceeding. In her *Pro Se Documents*, Plaintiff urges that she has "tried 3 different times and been successful each time to provide summons delivery and proof of service to" the Defendants and requests

---

[9] Rules 7004(b)(3) and 7004(b)(5), Fed. R. Bankr. P. apply to service on a corporation and upon an agency of the United States, subject to suit. Doc. 17, pp. 1-2. *See, also, Nelnet Inc.'s Motion to Dismiss Complaint,* Doc. 22, pp. 1-3.

the Clerk of Court to reconsider her previous request for entry of a default.[10]

Plaintiff's renewed request for entry of a Clerk's default against the Defendants, even had it been filed in proper form, must be denied. Despite her protestations to the contrary, Plaintiff has still failed to serve either of the named Defendants properly under the applicable rules of procedure.

This Court does not question that Plaintiff has mailed papers to certain addresses, as indicated in her Certificates of Service. The Court's consideration of Plaintiff's *Pro Se Documents* demonstrates that the Court is providing her almost extraordinary latitude by listening to and considering arguments contained in letters addressed to the Clerk of Court. But, regardless of Plaintiff's sincere belief that she has made every effort to properly serve the Complaint, she has not. No matter how well-meaning Plaintiff's efforts may be, and no matter how generous this Court is in treating her *Pro Se Documents* as having been properly filed, as the Eleventh Circuit Court of Appeals has stated: "Courts construe the

---

[10] Doc. 20.

pleadings of *pro se* litigants liberally. But this 'does not give a court license to serve as *de facto* counsel for a party … or to rewrite an otherwise deficient pleading in order to sustain an action.'"[11]

It is gratifying and no doubt encouraging to Plaintiff that according to Congressman Dunn, DOE may be in the process of reviewing Plaintiff's claim that her student loans should be discharged. But, having fully considered Plaintiff's *Pro Se Documents* and the Record, for the reasons stated,

It is ORDERED:

1. The relief Plaintiff requests in her *Pro Se Documents* is DENIED.

2. This Court's *Order Granting Plaintiff Additional Time Within Which to Properly Serve Complaint, Failing Which this Adversary Proceeding Will be Dismissed* states, in pertinent part: "If Plaintiff fails to properly serve the Complaint in accordance with this Order, the Court will dismiss this

---

[11] *Smith v. Ocwen Financial*, 488 Fed.Appx. 426, 427 (11th Cir. 2012) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

    Adversary Proceeding as to any Defendant not properly served without a hearing."[12]

3. Plaintiff has failed to properly serve either of the named Defendants. This Adversary Proceeding is DISMISSED, without prejudice.

4. All hearings currently scheduled on any pending motions are CANCELED.

    DONE and ORDERED on  May 17, 2019 .

                                                       KAREN K. SPECIE
                                                     Chief U. S. Bankruptcy Judge

cc: all parties in interest, including:
Debra Lynn Maddox
2006 Eagles Landing Ct.
Tallahassee, FL 32312

---

[12] Doc. 15. ¶ 3.